Hillsborough, } No. 4104.
Feb. 5, 1952. }

CAROLINE A. STEVENS & a. v. ALFRED G. STEVENS.

*McLane, Davis, Carleton & Graf (Mr. Carleton* orally), for the plaintiffs.

*Devine & Millimet (Mr. Millimet* orally), for the defendant.

DUNCAN, J. The original decree of the Superior Court, entered on December 7, 1950, provided that as a part of the rescission of transactions relating to the Stevens corporation, the defendant should be paid a sum "equal to fifty per cent of the net profits of the business since its incorporation in accordance with the partnership agreement and the accounting procedures used during its existence," less any sums previously received by him from the business after incorporation, including salary. See *Stevens v. Stevens,* 97 N. H. 135, 137. That decree further provided that pending termination of the litigation the defendant should continue as manager and receive his current salary.

Upon transfer to this court, it was held that the decree should be modified to entitle the defendant "for the fiscal years ending in March of 1949, 1950 and 1951 . . . to the net profits of Stevens corporation less such sums as he received from the business, including his salary, during those years and also less the sums paid or allocated to the plaintiff during said years." *Stevens v. Stevens, supra,* 141. As thus modified the original Superior Court decree was affirmed.

Thereafter the defendant moved for rehearing upon the ground that the modified decree entitled him to only one-half of the profits of the business after April 1, 1951, and that equitably he should receive the entire net profits for the period. This motion was denied.

It seems plain that the former order of this court operated to leave in effect the provisions of the original Superior Court decree except as to the fiscal years 1949 through 1951 inclusive. The plaintiffs object that in providing for repayment to be made by

the defendant to the corporation on receipt by him of a sum equal to the net profits of the corporation for 1949-1951, the decree last entered by the Superior Court fails to require repayment by the defendant of a sum equivalent to his salary for that period.

The defendant points out that pursuant to the first paragraph of the decree his salary for the years in question as in the case of salary received after April 1, 1951, has already been deducted from profits in determining "net profits" as there defined and that to require him to repay his salary out of such net profits would impose a double deduction, reducing the compensation given him by the modified decree to less than that afforded by the original decree and held by this court "not adequate or equitable." *Stevens* v. *Stevens, supra,* 140. This seems to us a complete answer to the plaintiffs' objection, even though isolated language from our former opinion might be thought to afford a basis for the objection.

The underlying purpose of the decree is to restore ownership of the business in its corporate form to the plaintiff Caroline Stevens. This purpose has not been altered. The modification imposed by the former opinion of this court was intended to afford the defendant more equitable compensation for efficient management of the corporation. Consequently, he was held to be entitled to the entire profit of the corporation for the three full fiscal years of its existence preceding the decree, except for such part of the profits as had previously been paid or allocated to the plaintiff Caroline Stevens, or paid to the defendant in the form of salary or advances.

Under the decree finally adopted by the Trial Court, net profits are to be determined by reference to profit returned on the income tax returns of the corporation where the defendant's salary has already been deducted. It follows that there was no error in failing to incorporate in the decree a further provision requiring the defendant to pay to the corporation salary received by him between April 1, 1948, and April 1, 1951. The former opinion did not contemplate that the defendant's salary should be retained in the corporation ownership of which was to be transferred to the plaintiff, but held the defendant equitably entitled to the entire profits of the business for the period in question.

Under the original decree as modified by order of this court the defendant was entitled for the period after April 1, 1951, to one-half of the net profits of the business on a partnership basis, less salary received during that time. As to this period, the original

decree remained unchanged by our order. The plaintiffs now except to the allowance of salary to the defendant and to the awarding of one-half of the net profits to him, after April 1, 1951. Under the decree to which these exceptions were taken, the defendant's compensation for the period since April 1, 1951, is somewhat larger than it would have been under the original decree. This results from the fact that his salary is deducted from gross profit to determine the net profit of which he is entitled to one-half, instead of being deducted from one-half of the net profit determined on a partnership basis.

While this represents a further modification of the original decree of December 7, 1950, we cannot say that it was either inadvertent or an abuse of discretion. The Trial Court was afforded an opportunity to take into account any circumstances resulting from the continuance of the business after April 1, 1951, and the effect of taxes upon the provisions made in favor of the defendant. The Trial Court specifically found and ruled that the decree last entered "constitutes . . . what equity requires under all the circumstances of the case." The evidence does not establish that the further modification was error as a matter of law. The plaintiffs' exceptions to the allowance of salary and to the awarding to the defendant of one-half of the net profits after April 1, 1951, are overruled.

The plaintiffs further urge in support of their exceptions that reduction of the assets of the corporation by withdrawal of the amount necessary to pay the defendant in accordance with the terms of the decree, will result in inequity to the plaintiff. The argument is not sustainable as a matter of law, and no abuse of discretion has been demonstrated.

*Exceptions overruled.*

All concurred.